1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6
7
8
9
10
11

EDDIE RAY GEORGE WASHINGTON
BOZARTH,

      Plaintiff(s),

v.

MEADOW VALLEY JUSTICE COURT, et
al.,

      Defendant(s).

Case No. 2:22-cv-01229-MMD-NJK

ORDER

12
13
14
15
16
17
18
19

    Plaintiff is proceeding in this action *pro se* and submitted a § 1983 complaint to initiate this case.  Docket No. 1.[1]  The Court has endeavored to have Plaintiff complete appropriate paperwork in his quest to be permitted to proceed *in forma pauperis*.  Docket Nos. 4, 7, 11.  On November 17, 2022, Plaintiff filed a motion indicating that he has been deemed incompetent and was being transferred to the state medical facility.  Docket No. 12 at 1.  In light of that representation, the Court suspended the *in forma pauperis* proceedings and ordered Plaintiff to file a status report by March 8, 2023.  Docket No. 13.  Although he has filed a letter, Docket No. 14, Plaintiff has not updated the Court as to his status regarding competency.

20
21
22
23
24

    Moreover, Plaintiff has now filed a petition for writ of habeas corpus in this civil rights case.  Docket No. 15.  Plaintiff cannot pursue both types of claims in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

25
26

    The Court has a duty to protect the interests of incompetent litigants by appropriate measures.  Fed. R. Civ. P. 17(c)(2).  In appropriate circumstances, the Court may protect those

27
28

---

[1] The Court construes Plaintiff's *pro se* filings liberally.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013)

1

1    interests by appointing counsel to represent the incompetent litigant. *See, e.g.*, *Davis v. Walker*,

2    745 F.3d 1303, 1311 (9th Cir. 2014). Even outside of the competency context, appointment of

3    counsel may be appropriate for state prisoners seeking *habeas corpus* relief when appointed

4    counsel is necessary to prevent a due process violation or when the Court otherwise finds that

5    doing so is in "the interests of justice." *See, e.g.*, *Ferguson v. Gittere*, 2023 WL 2373535, at \*2

6    (D. Nev. Mar. 6, 2023) (citing 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; and

7    *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986)). Given the particular circumstances of this

8    case, which include both competency concerns and an effort to seek habeas relief in a civil rights

9    case, the Court finds that the interests of justice warrant the appointment of the Federal Public

10    Defender for the District of Nevada to represent Plaintiff in this case.

11       Accordingly, the Court **APPOINTS** the Federal Public Defender to represent Plaintiff in

12    this matter. The Court **INSTRUCTS** the Clerk's Office to add the Federal Public Defender's

13    Office to the service list in this matter and, further, to separately serve this order on the Federal

14    Public Defender's Office so that representation may begin immediately. No later than April 17,

15    2023, the Federal Public Defender's Office must file a notice of appearance. No later than June

16    16, 2023, the Federal Public Defender must file a notice indicating whether Plaintiff: (1) wishes

17    to pursue his § 1983 civil rights complaint and strike his habeas petition in this case; <u>or</u> (2) wishes

18    to strike his § 1983 civil rights complaint and pursue his habeas petition in this case.[2] No later

19    than June 16, 2023, Plaintiff must also file an appropriate *in forma pauperis* application correlating

20    to the type of relief he has chosen to pursue.

21       IT IS SO ORDERED.

22       Dated: March 17, 2023

23

24                                   Nancy J. Koppe
                                          United States Magistrate Judge

25

26

---

27    [2] To the extent counsel does not believe a sufficient basis exists to proceed on either the civil rights complaint or the habeas petition, counsel may file a notice so explaining by June 16, 2023. Furthermore, nothing herein should be construed to mean that Plaintiff will be permitted to

28    proceed on any claims that he has chosen to pursue as such claims may be subject to screening.