UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDDIE RAY GEORGE WASHINGTON BOZARTH,<br><br>      Petitioner,<br><br> v.<br><br>MEADOW VALLEY JUSTICE COURT, *et al.*,<br><br>      Respondents. | Case No. 2:22-cv-01229-MMD-NJK<br><br>ORDER |

  Before the Court is Plaintiff Eddie Ray George Washington Bozarth's Objection to Magistrate Judge Order or Ruling under LR IB 3-1 (ECF No. 17) and his counsel's Motion to Withdraw (ECF No. 22). The Court overrules Bozarth's objection, grants counsel's motion to withdraw, and dismisses this action without prejudice because federal abstention is required.

**I. BACKGROUND**

  In July 2022, Bozarth initiated this matter while detained pretrial at the Lincoln County Detention Center ("LCDC") on state criminal charges. (ECF No. 1-1.) He filed a complaint against the LCDC, Judge Mike Cowley, Meadow Valley Justice Court, and the bailiffs in court alleging that he was denied access to evidence, denied his constitutional rights, as well as denied the ability to represent himself. (*Id*. at 3, 5.) In his complaint, he further alleges, *inter alia*, ineffective assistance of counsel and prosecutorial misconduct. (*Id*. at 4.)

  Because Bozarth did not properly commence this action by either paying the

standard filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"), the Court instructed Bozarth to pay the filing fee or file a fully complete IFP application. (ECF No. 4.) Bozarth filed an incomplete IFP application (ECF Nos. 5,9) and the Court again instructed Bozarth to pay the filing fee or file a fully complete IFP application. (ECF Nos. 7, 11.) The Court, however, vacated the deadline to file a complete IFP application because Bozarth indicated that the state court found Bozarth to be incompetent and that he was being transferred to the State's medical facility. (ECF Nos. 12, 13.)

Before being transferred to the forensic hospital for competency restoration, Bozarth filed a petition for writ of habeas corpus under § 2254 seeking release from custody. (ECF No. 15.) The Court appointed counsel and informed Bozarth that he cannot pursue both civil rights claims under 42 U.S.C. § 1983 and habeas corpus claims under § 2254 in the same case. (ECF No. 16.) The Court instructed counsel to file a notice indicating whether Bozarth: (1) wishes to pursue his § 1983 civil rights complaint and strike his habeas petition in this case; <u>or</u> (2) wishes to strike his § 1983 civil rights complaint and pursue his habeas petition in this case. (*Id*. at 2.)

Bozarth filed an objection following Magistrate Judge Koppe's order appointing counsel and instructing Bozarth to indicate whether he wishes to pursue either his § 1983 civil rights complaint or habeas petition in this case. (ECF No. 17.) Counsel for Bozarth filed a motion to withdraw as Bozarth's attorney. (ECF No. 22.)

II.    **DISCUSSION**

   **A. Objection to Magistrate Judge Order or Ruling**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[A] district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); *see also* LR IB 3-1(a). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been

committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F.Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (citation omitted). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D 443, 446 (C.D. Cal. 2007).

In his objection, Bozarth provides that he does not "waive [his] right to direct or control [his] case," and that he "will remain in control of my case accepting assistance of counsel, but not removing my rights to defend myself." (ECF No. 17 at 1.) He further provides that he objects to the delays in service to Defendants. (*Id.*) Although he asserts that he objects to "the inclusion of the §2254 action in this case, which was not [his] intention," he also provides that it does not make sense that he must "choose between the protections of the law." (*Id.* at 2.) Bozarth further appears to reassert his allegations that the state court has denied him access to evidence. (*Id.*)

Bozarth's objection is unclear and does not assert that Magistrate Judge Koppe's order was clearly erroneous or contrary to law. To the extent that Bozarth objects to Magistrate Judge Koppe's order appointing counsel and instructing Bozarth to indicate whether he wishes to pursue either his § 1983 civil rights complaint or habeas petition in this case, the Court overrules his objection. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or duration"); *see also* 18 U.S.C § 3006A(a)(2)(B) (authorizing appointment of counsel "when the interests of justice so require").

### B. Dismissal of § 1983 Complaint and Habeas Petition under *Younger*

Upon review of the record, the Court finds that this action is subject to substantial defects. The comity-based *Younger* abstention doctrine prevents federal courts from interfering with pending state court criminal proceedings by granting injunctive or declaratory relief, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger*, 401 U.S. 37, 53-54 (1971). The United States Supreme Court has instructed that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are irreparable only if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

*Younger* generally requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings if three conditions are met: (1) state judicial proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Super. Ct. of State of Cal. for Cnty. of L.A.*, 23 F.3d 218, 223 (9th Cir. 1994). Even if the criteria for *Younger* abstention are met, the district court can exercise jurisdiction if: (1) there is evidence the state proceedings are motivated by bad faith or to harass the litigant, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Younger*, 401 U.S. at 45-50; *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003).

The Court finds that the criteria for *Younger* abstention are met here. First, there is an ongoing state-court criminal prosecution against Bozarth in the Seventh Judicial District Court for Clark County, Nevada. *See State of Nev. v. Bozarth*, Case No.

CR0801722. Second, the state proceedings are judicial in nature and implicate important state interests, namely administering the criminal justice system. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Finally, there is no indication that Bozarth will be unable to raise his federal constitutional concerns in the ongoing state proceedings. Nor has Bozarth demonstrated that he will be unable to address the issues of denial of access to evidence during the state proceedings.

The Court finds that Bozarth has not shown these circumstances merit an exception to *Younger*'s general rule requiring federal courts to abstain from interfering with pending state court proceedings. First, the allegations fail to show that Bozarth's prosecution has been brought in bad faith or for harassment purposes. In the *Younger* abstention context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert*, 332 F.3d at 621. Ultimately, the bad faith and harassment exceptions to the *Younger* abstention are narrow and require something more than conclusory allegations. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005).

Bozarth contends that numerous agencies and their employees conspired to violate his constitutional rights during the criminal proceedings. But Bozarth offers only conclusory allegations to assert that all these entities and their employees are working together in bad faith against, or for the purpose of harassing, him. Indeed, no factual allegations plausibly state the existence of "an agreement or meeting of the minds to violate [Bozarth's] constitutional rights," let alone that each participant in the conspiracy "share[s] the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

Second, there is no showing of irreparable injury. Defendants in state criminal

proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Bozarth's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights, including the most fundamental right—to liberty—in a pending criminal prosecution. Finally, there are adequate alternative state forums where Bozarth can raise the constitutional concerns alleged in his § 1983 complaint and federal habeas petition: the Nevada Court of Appeals or the Nevada Supreme Court, either through a direct appeal of a final judgment in the state court criminal proceeding or a state petition for writ of habeas corpus.[1]

Given the substantial defects presented, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

**C.  Motion to Withdraw**

Counsel moves to withdraw on the basis that there is no reasonable prospect that counsel and Bozarth will agree about how to proceed with litigation. (ECF No. 22 at 4.)  Counsel provides that she met with Bozarth along with her direct supervisor and despite endeavoring to develop a reasonably effective attorney-client relationship, counsel and Bozarth have a fundamental disagreement about how to proceed with the litigation. (*Id*. at 3.) The Court finds good cause exists to grant counsel's motion to withdraw.

Pursuant to Federal Rule Civil Procedure 17(c)(2), "[a] minor or an incompetent

---

[1]The Court notes that Petitioner has not alleged or demonstrated that he properly or fully exhausted his state court remedies related to his habeas claims brought under § 2254. A state defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court).

person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "[W]hen a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

In *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017), the Ninth Circuit discussed when proceeding with a competency hearing would be "a complete waste of time and effort." *Id*. at 1138-39. The Ninth Circuit held that a district court does not abuse its discretion when it declines to assess a party's competence "when it is clear that a potentially incompetent party has no interest that could be protected by appointing a guardian ad litem or issuing another appropriate order." *Id*. at 1139. The Ninth Circuit has held that the potential to receive a "strike" under 28 U.S.C. §1915(g) is a protectable interest that a guardian ad litem or other representative could protect by filing a motion for voluntary dismissal. *Id*.

Here, the Court is dismissing the case under *Younger*. *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (a dismissal due to *Younger* abstention is not a strike under the PLRA three-strike provision). As such, this action is not subject to a strike under §1915(g). The Court finds there is no protectable interest in this case because Bozarth will not incur a strike upon dismissal of this action. Accordingly, the Court finds that it is unnecessary to hold a hearing to evaluate Bozarth's competency before granting counsel's motion to withdraw or before dismissing this case.

### III. Conclusion

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that Bozarth's objection (ECF No. 17) to the magistrate judge's order is overruled.

7

It is further ordered that the motion to withdraw (ECF No. 22) is granted and counsel for Bozarth and the Federal Public Defender, District of Nevada, are withdrawn as counsel for Bozarth.

It is further ordered that dismissal of this action does not constitute a strike under 28 U.S.C. § 1915(g).

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

It is further ordered that under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED THIS 23rd day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE